### Stratton's Admrx. v. Farmer.

(Decided May 16, 1922.)

### Appeal from Jefferson Circuit Court (Common Pleas, Fourth Division).

1.  Executors and Administrators—Action After Settlement.—An administratrix of the estate of her husband who has settled her accounts, paid all the obligations of the estate, delivered all of the residue of the estate to the sole heir, and caused her official bond to be cancelled, can institute and maintain an action as administratrix of her decedent to recover money due her intestate upon notes which were in the hands of another as the agent of her intestate and of which she did not know at the time of the settlement of her accounts.

2.  Executors and Administrators—Continuing Trust.—The office of administratrix of an estate is a continuing trust which does not end by the mere settlement of accounts by such official unless specifically discharged.

3.  Executors and Administrators—Continuing Trust.—The common law rule with respect to the continuity of the trust imposed upon the administratrix is in full force and effect in Kentucky, there being no statute upon the subject which contravenes said rule.

L. A. HICKMAN and ROBERT T. CROWE for appellants.

W. W. CRAWFORD and HUMPHREY, CRAWFORD & MIDDLETON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

If an administratrix who has settled her accounts, paid all the obligations of the estate, delivered all of the residue of the estate to the sole heir and caused her official bond to be cancelled, can institute and maintain an action as administratrix of her decedent to recover money due her intestate upon notes which were in the hands of another as his agent and of which she did not know at the

time of the settlement of her accounts, then the judgment
of the lower court, holding that under such circumstances
no action can be maintained by the administratrix,
must be reversed; but if the settlement of the accounts
by such fiduciary relieves her from further responsibility
and works her discharge from her official position, the
judgment must be affirmed. Mrs. Stratton was appointed
administratrix of the estate of her deceased husband,
and qualified by taking oath and executing bond with the
American Surety Company, of New York, as surety. She
filed a settlement to which exceptions were filed by the
only heir, Ada Stratton Wilson, and these exceptions
were heard in the Jefferson chancery court and in part
sustained and the remainder overruled. An appeal was
prosecuted to this court and affirmed both upon the orig-
inal and cross appeals. Thereafter the settlement of the
administratrix was completed and she was directed to
pay certain named sums to creditors of the estate, pay the
cost of the action and certain attorney fees, and to turn
the residue of the estate over to the sole heir, Ada Strat-
ton Wilson. This she did in accordance with the judg-
ment. After the settlement had been confirmed she,
through her counsel, communicated that fact to the Amer-
ican Surety Company of New York, then on her bond,
with the further information that she had been discharged
as administratrix and asked that said bond be cancelled
and that she be released from further payment of prem-
iums on the bond. The bond was cancelled by the com-
pany in December, 1916. Learning that there were cer-
tain choses in action belonging to the estate of her de-
cedent in the hands of appellee Farmer, she on January
2, 1917, instituted this action in the Jefferson circuit court
against Farmer for the recovery of $25,625.00, with in-
terest from January 16, 1913; $3,073.38 with interest
from November 11, 1913, and the further sum of $10,-
200.00, with interest from November 11, 1913, it being
averred in said petition that Farmer, as agent of
her decedent, had obtained without consideration from
her decedent in his lifetime certain notes, bonds and
other securities of that value which he had converted to
his own use and benefit. After the parties had pleaded
to an issue, the appellee Farmer filed a pleading in bar
wherein it is alleged that the appellant was not at the
time of the commencement of the action nor at the time of
the filing of the plea, the administratrix of W. A. Strat-
ton, but that she had at a previous date filed her final set-

tlement as such administratrix, obtained her discharge. as such and caused her official bond to be cancelled; that the sole heir having received the corpus of the estate and being the only real party in interest was the only person entitled to maintain the action.

Until the case of Oldham's Trustee v. Boston Insurance Company, 189 Ky. 844, 16 L. R. A. 305, there was a dearth of authority in this state on the subject of when an executor or administrator is relieved from liability under his trust and is no longer able to institute or maintain an action in his official capacity for the use and benefit of the estate which he represents. In that case, however, we held that a mere settlement of a fiduciary did not disqualify him to maintain an action or perform other duties of his office. The different states of the union have statutes governing such matters. While some of them are similar in many of their provisions they differ widely in others. Out of this diversity of legislation on the subject a great variety of judicial construction, opinion and determination has flowed. At common law the duties and obligations of executors and administrators were a continuing trust which was not ended by the mere settlement of the accounts of the fiduciary even though an order was entered at the time by a court of competent jurisdiction confirming the settlement as final if after the entry of such order there were discovered other assets of the estate unadministered. Some states have changed this rule by statute but Kentucky has not done so. Our statutes provide for the appointment of executors and administrators and prescribe their duties, but there is no provision for their discharge except for unfaithfulness nor fixing a time when their right to maintain an action for the use and benefit of the estate which they represent shall cease. This being true, the common law rule of holding the trust a continuing one still prevails in this jurisdiction. Although Mrs. Stratton, as administratrix, settled her accounts up to December, 1916, paid the obligations of the estate and turned over to the sole heir all of the remaining assets of the estate known to her at that time, and attempted to cancel her official bond, she was not finally discharged or otherwise incapacitated as administratrix. Granting all the facts averred in the pleading concerning the cancellation of the bond of the administratrix, it is not shown that she was relieved on her bond. Indeed there was no direct order providing for her discharge. Her settlement did not terminate her trust

except to the extent of that part of the estate which was before the court at the time it was made. An order which does not discharge an administratrix but merely settled her accounts does not terminate the trust but she continues to be the administratrix until the estate is fully and finally settled. This is true although the administratrix may in good faith believe that the entire estate is settled and undertakes to have a final settlement of her accounts. If she thereafter discovers other assets of the estate unadministered she may, as such administratrix, take charge of such assets or bring an action for the purpose of recovering such assets for the estate. The trust is a continuing one, ending only with the final settlement of the entire estate, unless sooner closed by death, resignation or removal of said fiduciary from the state. We, therefore, conclude that the trial court erred in holding that Mrs. Stratton as administratrix of the estate of her husband could not maintain this action against Farmer for the recovery of the choses in action and their proceeds which she avers he obtained from her decedent and wrongfully converted to appellee's own use and benefit.

Judgment reversed.